# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| EMORY CLAYTON,<br><br>　　　Plaintiff,<br><br>v.<br><br>FIRST CLASS MOVING SYSTEMS, INC.,<br>NORTH AMERICAN VAN LINES, INC.,<br>OLD REPUBLIC INSURANCE CO., and<br>ERIC JAMES,<br><br>　　　Defendants. | Civil Action File No: _____ |

## NOTICE OF REMOVAL

COME NOW, Defendants First Class Moving Systems, Inc., North American Van Lines, Inc., Old Republic Insurance Co., and Eric James (collectively hereinafter "Defendants"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal within the time prescribed by law, showing the Court as follows:

1.　On November 10, 2023, Plaintiff Emory Clayton ("Plaintiff") filed a Complaint, attached as **Exhibit A**, in the State Court of Houston County, Georgia Civil Action No. 2023V129182K, located in the Macon Division of the Middle

District of Georgia. A true and correct copy of all process, filed in connection with this action is attached as **Exhibit B**.

2. Plaintiff is a resident and citizen of Georgia, living in Perry, GA according to the address and the Georgia driver's license information contained in the police motor vehicle crash report from which Plaintiff's claims are alleged to have arisen. A true and correct copy of the motor vehicle crash report is attached as **Exhibit C**.

3. Defendant First Class Moving Systems, Inc. is a Florida corporation with a principal place of business of 8110 Anderson Road, Suite 100, Tampa, FL 33634. For purposes of diversity, defendant First Class Moving Systems, Inc. is a citizen of Florida. 28 U.S.C. § 1332(c)(1) (corporation is a citizen of the state of incorporation and state where it has its principal place of business for diversity purposes).

4. Defendant North American Van Lines, Inc., is a Delaware corporation with a principal place of business of 101 E. Washington Boulevard, Suite 1100, Fort Wayne, IN, 46802. For purposes of diversity, defendant North American Van Lines, Inc. is a citizen of Delaware and Indiana. 28 U.S.C. § 1332(c)(1) (corporation is a citizen of the state of incorporation and state where it has its principal place of business for diversity purposes).

5. Defendant Old Republic Insurance Co., is a Pennsylvania corporation with a principal place of business of 307 N. Michigan Ave., Chicago, IL, 60601. For purposes of diversity, defendant Old Republic Insurance Co. is a citizen of Pennsylvania and Illinois. 28 U.S.C. § 1332(c)(1) (corporation is a citizen of the state of incorporation and state where it has its principal place of business for diversity purposes).

6. Defendant Eric James is a citizen and resident of Florida, with a last known address of 6064 Raleigh Street, Orlando, FL 32835 according to the address and Florida driver's license information contained in the police motor vehicle accident report from which Plaintiff's claims are alleged to have arisen. *See* Ex. C. Alternatively, Plaintiff's Complaint lists defendant Eric James' address as 2707 Maxwell Drive, Apopka, Florida 32703, also a Florida address. Complaint ¶ 3.

7. Accordingly, there is complete diversity among the Plaintiff (Georgia) and the Defendants (Florida, Indiana, Delaware, Pennsylvania, and Illinois).

8. In his Complaint, Plaintiff seeks an unspecified number of actual damages, alleging that "[a]s a result of this Collision, Plaintiff suffered traumatic, permanent physical and psychological injuries which drastically affected the quality of his life." Complaint ¶ 10. Plaintiff alleges that on December 3, 2021, Defendant Eric James "failed to stop and collided with the rear of Plaintiff's Chevrolet."

Complaint ¶¶ 7, 9. It is further alleged that "[a]t the time of the Collision, Defendant James was operating the Volvo on behalf of Defendant First Class Moving and Defendant North American." Complaint ¶ 18. Plaintiff pursued a direct action against Old Republic pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140.

9. In determining the amount in controversy, "the court may consider facts alleged in the notice of removal, judicial admission made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2] [g] at 107-86.4 to 107-86.5 (3d ed. 2010)). Further, Eleventh Circuit precedent allows courts to make "'reasonably deductions, reasonably inference, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 614 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754)). A defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

10. Defendants submit that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Here, Plaintiff claims that he suffered

"permanent psychological and physical injuries, including but not limited to injuries to his neck, back, upper extremities and lower extremities, and also incurred reasonably medical expenses necessary to treat those injuries, in amounts which will be proven at the time of trial." Complaint ¶ 26. Plaintiff further alleges that all "damages will continue into the future, to the extent said injuries are permanent." *Id.*

11.     Crucially, the Court may also consider Plaintiff's pre-suit demand letter to find that the amount in controversy in the case exceeds $75,000.00. *Farley v. Variety Wholesalers, Inc.*, 5:13-CV-52 CAR, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding that a defendant established the amount in controversy exceeds $75,000 based on a pre-suit settlement demand sent by plaintiff. Indeed, "[a]lthough Plaintiff's request might appear inflated given that Plaintiff was demanding settlement prior to filing suit, Plaintiff nevertheless details specific facts regarding her claim and medical treatment, including an itemization of her medical expenses *to the penny." Id*.

12.     Here, Plaintiff submitted a demand for $1,000,000.00 and identified $111,405.78 in bills purportedly related to the incident. A true and correct copy of the September 18, 2023 pre-suit demand is attached as **Exhibit D**. The pre-suit demand letter was also submitted with medical bills to support Plaintiff's allegation

of $111,405.78 in bills alleged to have arisen from the instant incident. Accordingly, the evidence shows that the amount in controversy exceeds $75,000.

13. Defendants timely filed this Notice of Removal within thirty (30) days of receipt of the Plaintiff's Complaint. 28. U.S.C. § 1446(b)(3) & (c)(3). Removal is further timely because this Notice of removal is filed less than one (1) year after Plaintiff commenced the action.

14. The aforementioned civil action is one which this Court has original jurisdiction of under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441 and 1446. As demonstrated above, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

15. Defendants have given written notice of filing of this petition to the Plaintiff as set forth in the certificate of service attached hereto.

16. All Defendants consent to this removal.

WHEREFORE the Defendants prays the above action now pending before the State Court of Houston County, Georgia be removed to this Court.

Respectfully submitted this 29th day of December, 2023.

                                      DREW ECKL & FARNHAM, LLP

                                      */s/ John C. Patton*
                                      John C. Patton
                                      GA Bar No. 567322
                                      *Attorney for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
pattonj@deflaw.com

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed **Notice of Removal** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Bradley S. Robinson
Farah & Farah, P.A.
12016 Abercorn Street
Savannah, GA 31419
brobinson@farahandfarah.com
j.williams@farahandfarah.com

This 29th day of December, 2023.

DREW ECKL & FARNHAM, LLP

*/s/ John C. Patton*

John C. Patton
GA Bar No. 567322
*Attorney for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
pattonj@deflaw.com